FRED E. CHIDESTER

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

GOVERNMENTAL FUNCTION—*State not liable.* The State in conducting the Illinois Western Hospital for the Insane exercises a governmental function and is not liable to its employees for injuries sustained by them in the discharge of their duty.

WORKMAN'S COMPENSATION ACT—*not applicable to State. Practice.* The Workman's Compensation Act is not applicable to the State for injuries sustained by its employees but it is the practice of the Court where claims of employees for injuries sustained while in the employment of the State, to follow that statute in order that equity and justice be done.

SOCIAL JUSTICE AND EQUITY—*when claim will be allowed.* Where the facts and circumstances justify, and the State makes no objections to the claim, the Court will enter an award in favor of the claimant for the injuries sustained by him in the course of his employment.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Fred E. Chidester for damages, for injuries sustained in March, 1921, while in the employment of the State of Illinois.

It appears from the affidavit filed in this case that on the 9th day of March, A. D. 1921, the claimant was employed at the Illinois Western Hospital for the Insane, commonly called the Watertown State Hospital, situated in the City of East Moline, Rock Island County, Illinois; that while thus employed at said hospital the claimant received an injury which arose out of and in the course of his employment in said hospital, which was then and there owned, operated and controlled by the State of Illinois; that claimant was employed at said hospital as industrial foreman in the Industrial building, it being one of claimant's duties to do odd jobs of work around said institution to do carpenter work and working on a joiner in the carpenter shop in said Industrial building and while thus engaged under the orders and superintendence of Dr. M. C. Hawley the managing officer of said hospital, the claimant received an injury caused by the blades or knives of the said joiner cutting and tearing the flesh and bone from the first, second and third fingers of the right hand, necessitating the amputation of the first and second phalanges of all three fingers; that the claimant was employed at said Watertown State Hospital for a period of more than five years; prior to said injury; that he received as wages and salary during the year prior to aforesaid injury, the sum of one thousand three hundred and eighty dollars ($1,308.00) per annum; that claimant is a married man and the father of five minor children, three of whom are below the

age of sixteen years, and reside with said claimant in East Moline; that all medical services were furnished by the State and also pay for three weeks temporary total disability; that by virtue of the injuries aforementioned, claimant became partially incapacitated permanently and by reason thereof, he has suffered damages to the amount and extent of one thousand two hundred and seventy-five dollars.

Claimant filed his petition with the Industrial Commission of the State of Illinois, for compensation for said injuries and said Industrial Commission, after hearing the evidence submitted before it, made an award to this claimant in the sum of fifteen dollars ($15.00) per week for eighty-five weeks, totaling the sum of one thousand two hundred and seventy-five dollars ($1,275.00) ; that a lump sum settlement was approved by said Industrial Commission in the sum of one thousand two hundred and forty-four dollars and thirty-three cents ($1,244.33) ; that a copy of the settlement contract and the lump sum award are attached thereto; that afterwards the Director of Finance refused to pay said award or lump sum settlement on the advice of the Attorney General because there was no valid appropriation out of which to pay said award and the proper adjustment of claim for a compensation for injuries received by State employees was through the Court of Claims.

The Attorney General has filed a demurrer to the petition herein filed and as a matter of law said demurrer will be sustained.

The State of Illinois is not liable, in the absence of Statute for the torts of its officers, agents, inmates or employees.

The Workman's Compensation Law is not applicable to the State of Illinois for injuries sustained by its employees, but it has been the practice of this Court, where claims of employees for injuries sustained while in the employment of the State, to follow said Statute in order that equity and justice be done to injured employees.

The facts in this case are not disputed and the Attorney General waives proof thereof, and makes no objection to a recommendation by this Court pursuant to its policies in cases of this nature.

We are of the opinion that the claimant is entitled to compensation for injuries sustained as aforesaid and recommend that the sum of twelve hundred forty-four 33/100 ($1,244.33) dollars be awarded to said claimant in full satisfaction of all claims against the State of Illinois for injuries sustained by him.